CONTINENTAL LABORATORY
PRODUCTS, INC., Plaintiff,

v.

MEDAX INTERNATIONAL, INC.,
Alma A. Timpson, Jr., Paul
M. Jessop, Defendants.

No. 97–CV–0359 W JAH.

United States District Court,
S.D. California.

March 23, 2000.

Kathleen A. Pasulka, Brown, Martin, Haller & McClain, San Diego, CA, for Plaintiff.

Kris Patrick Thompson, Neil, Dymott, Perkins, Brown & Frank, San Diego, CA, Thomas J. Rossa, Holme, Robert & Owen, Salt Lake City, UT, for Defendant.

ORDER (1) RESOLVING DEFENDANTS' PROCEDURAL OBJECTIONS TO AFFIDAVITS OF DANIEL M. CISLO AND DR. HAROLD KASSARJIAN; (2) PERMITTING ADDITIONAL BRIEFING ON INHERENT DISTINCTNESS

WHELAN, District Judge.

Before the Court is a motion for summary judgment filed by Defendants Medax International, Inc. and individual Defendants Alma A. Timpson, Jr. and Paul M. Jessop ("Defendants"), seeking judgment against claims for trade dress infringement and unfair competition brought by Plaintiff Continental Laboratory Products, Inc. ("Continental"). The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338(a).

The Court is approaching a resolution on the instant motion, and writes this order separately to address two issues: (1) Defendants' procedural objections to two expert affidavits filed by Continental in opposition to Defendants' motion for summary judgment, and (2) the impact of a recently decided Supreme Court case, *Wal–Mart Stores, Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 120 S.Ct. 1339, 146 L.Ed.2d 182 (2000), on the issues presented in this litigation. The Court shall address each of these issues in turn.

## A. *DEFENDANTS' OBJECTIONS TO EXPERT AFFIDAVITS*

In opposing Defendants' motion for summary judgment, Continental filed two affidavits from expert witnesses Daniel M. Cislo and Dr. Harold Kassarjian. Defendants contend the Court should disregard these experts' affidavits because Continental failed to previously designate or identify them during discovery. Defendants argue that Continental did not reveal these experts until Continental filed its opposition to the instant motion for summary judgment, and that this untimely disclosure violates the Court's prior scheduling orders.

Rule 26(a) of the Federal Rules of Civil Procedure requires parties to disclose the identity of any person who may be used as an expert witness. *See* FED. R. CIV. P. 26(a)(2)(A). The Rule further provides that "[t]hese disclosures shall be made at the times directed by the court." *See* FED. R. CIV. P. 26(a)(2)(C). Rule 37(c)(1), as amended effective December 1993, provides that if a party fails to make disclosure or to supplement responses as required by Rule 26(a), that party shall not present at trial or in motions any evidence not so disclosed, unless there is "substantial justification" for the failure to disclose or the "failure is harmless." *See* FED. R. CIV. P. 37(c)(1). Generally "[t]he sanction of exclusion is ... automatic and mandatory unless the party to be sanctioned can show that its violation of Rule 26(a) was either justified or harmless." *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). The purpose of these rules is to encourage timely disclosure of expert witnesses and to curb dilatory litigation tactics. *See generally* 7 James Wm. Moore et al., *Moore's Federal Practice* § 37.60[1] (3d ed.1999).

On September 10, 1998 the Court issued a pretrial scheduling order requiring Continental to designate and disclose its expert witnesses by December 11, 1998. (*See* Scheduling Order Regulating Discovery and Other Pretrial Proceedings (Doc. No. 45), at 1:25–26). On December 11, 1998 Continental furnished Defendants with its expert disclosure statement, designating Robert Trout, Ph.D. and Richard P. Meyst. (*See* Plaintiff's Disclosure of Expert Witnesses, lodged as Ex. 32 to Defs.' Reply). Continental designated

Trout to provide testimony concerning damages caused by Defendants' alleged unfair competition, "including lost profits and price erosion." (*Id.* at 2). Continental designated Meyst to provide testimony on "product design," including "testimony that Continental's trade dress is nonfunctional and the availability of alternative designs." (*Id.*). Continental did not, however, designate Cislo, Kassarijan or any other expert witnesses. Defendants contend the Court should disregard Cislo and Kassarijan's affidavits because Continental failed to properly disclose them as required by the Court's September 1998 scheduling order.[1]

■ Although the Federal Circuit has exclusive appellate jurisdiction over this action, the Court must nonetheless apply regional circuit law, in this case the law of the Ninth Circuit, in determining whether to exclude expert testimony for failure to comply with the September 1998 scheduling order. *See, e.g., Trilogy Communications, Inc. v. Times Fiber Communications, Inc.,* 109 F.3d 739, 744, 42 USPQ2d 1129, 1133 (Fed.Cir.1997). In the Ninth Circuit, "[t]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order ... will not be disturbed unless they evidence a clear abuse of discretion." *Miller v. Safeco Title Ins. Co.,* 758 F.2d 364, 369 (9th Cir.1985). For example, the Ninth Circuit has affirmed the exclusion of untimely expert testimony where the plaintiff unjustifiably missed the deadline for disclosing expert witnesses by 20 days and missed the deadline for submitting expert reports by six weeks. *Quevedo v. Trans–Pacific Shipping, Inc.,* 143 F.3d 1255, 1258 (9th Cir.1998) (White, J.) (upholding exclusion of untimely expert testimony submitted by plaintiff in opposition to summary judgment).

■ Here, Continental's disclosure of Cislo and Kassarjian is untimely not by 20 days or six weeks—but by almost one year. Continental filed its opposition to the instant motion for summary judgment on November 5, 1999, almost 11 months after the expert designation deadline had passed. Continental's opposition memorandum and its response to Defendants' evidentiary objections provide no justification for not timely designating these experts by December 11, 1998. Continental never sought to extend the expert designation date and did not seek to introduce the affidavits of Cislo and Kassarijan in any of the four previous motions directed to its trade dress claims.

Continental commenced this action in March 1997 and has had ample time to determine the experts it may need to establish trade dress infringement. Allowing Continental to unexpectedly spring the testimony of two undisclosed experts, over two and a half years after commencement of this action, would unfairly prejudice Defendants. The Court therefore finds that Continental's failure to provide any justification for the late disclosure of Cislo and Kassarijan, coupled with the unfair prejudice that could flow from considering their testimony, require exclusion under Rule 37(c)(1). The Court SUSTAINS Defendants' objections to Cislo and Kassarijan and strikes them from the record. The Court shall give no consideration to the affidavits in ruling on the pending motion for summary judgment, and Continental may not introduce or otherwise rely on these experts at trial.[2]

## B. *ADDITIONAL BRIEFING RE: RECENTLY DECIDED CASE LAW*

On March 22, 2000 the United States Supreme Court handed down *Wal–Mart Stores,*

---

1. Continental states that the September 1998 order "also had set a July 9, 1999 date for the Pretrial conference, a date which was vacated long ago." (*See* Pl.'s Responses to Defs.' Evidentiary Objections (Doc. No. 189), at 3:15–17). This argument strains credulity; the Court vacated the final Rule 16 Pretrial Conference to accommodate the filing of several summary judgment motions by both parties, but no order in this case extended the December 11, 1998 expert disclosure deadline.

2. Defendants also contend that various evidentiary flaws with the Cislo and Kassarijan declarations require their exclusion under the Federal Rules of Evidence. Because the Court finds that Continental's noncompliance with the scheduling order independently requires exclusion, Defendants' remaining evidentiary objections are denied as moot and without prejudice. The Court will address Defendants' objections to Continental's other witnesses (Alex B. Burgin, Tom Maness, Robert R. Buchner, Douglas B. Rowe and

*Inc. v. Samara Brothers, Inc.*, 529 U.S. 205, 120 S.Ct. 1339, 1342, 146 L.Ed.2d 182 (2000), which clarified the standards for establishing distinctiveness of a product design under the Lanham Act. This Court has read the decision carefully, and although it does not appear to change the standard for establishing secondary meaning, it may completely abrogate Continental's position concerning the alleged inherent distinctiveness of its product design. The Court hereby grants the parties leave to *optionally* provide supplemental memoranda on the possible impact of *Wal–Mart* on the issues in this litigation.

### C. *CONCLUSION AND ORDER*

For the foregoing reasons, the Court **SUSTAINS** Defendants' objections to the affidavits of Daniel M. Cislo and Dr. Harold Kassarjian and deems those affidavits inadmissible for all further proceedings. In addition, the parties may optionally file and serve supplemental memoranda addressing the issues in Part B of this order, not exceeding five pages, by March 31, 2000.

SO ORDERED.

Richard P. Meyst) as those declarations become relevant in the Court's upcoming rulings.